## MICHAEL O'BRIEN *vs.* PATRICK HIGGINS.

One who has agreed to sell his land, possession to be given at once, cannot maintain an action against the purchaser for refusing to accept a deed, if the land is in the occupation of a tenant, even though he be a tenant at will.

CONTRACT on a written agreement dated May 2, 1871, by which the plaintiff sold his house and land to the defendant, $50 to be paid immediately, and the balance " on delivery of the deeds ; possession at once."

At the trial in the Superior Court, before *Rockwell*, J., it appeared that at the time of the sale the premises were occupied by a tenant at will of the plaintiff, who paid his rent monthly in advance, the last payment being on April 10 ; that a few days after the sale the plaintiff notified the defendant that the deed was ready, but the defendant refused to accept it unless the tenant was out of the house ; and that the plaintiff afterwards ejected the tenant, and sold the land at auction at a reduced price.

The defendant requested the judge to rule that the action could not be maintained because the plaintiff was not in possession, and did not offer to put the defendant into actual possession. The judge so ruled ; the jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the plaintiff.
*H. Morris*, for the defendant.

MORTON, J. By the fair construction of the contract sued on, the plaintiff agreed to give the defendant actual possession of the premises on delivery of the deed. As he did not offer to, and could not do this, he is not entitled to recover.

It may be true that upon the delivery of the deed the term of the tenant at will would have been terminated, and the defendant would have had the right to recover possession. But this is not

what the contract contemplated. The stipulation was that the defendant was to have actual possession, and not merely the right of possession. *Exceptions overruled.*